UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMAL MULHEM, | ) |
| | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Civil Action No. 1:11-cv-05521 |
| v. | ) |
| | ) |
| ZWICKER & ASSOCIATES, P.C., | ) |
| | ) |
| | ) |
| DEFENDANT. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff, Amal Mulhem, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Zwicker & Associates, P.C.. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this District is proper because Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Amal Mulhem ("Plaintiff") is an individual and resident of Cook County, Illinois and is a "consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Zwicker & Associates, P.C., ("Defendant" ) is a professional corporation engaged as a "debt collector" as defined by and within the meaning of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone. This Defendant may be served at its place of business located at 7366 N. Lincoln Ave., Suite 404, Lincolnwood, IL 60712.

**FACTS**

5. Sometime before February 3, 2010, Plaintiff incurred an alleged financial obligation for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Namely, Plaintiff incurred a bill from an American Express ("Amex") credit card with account number XXXX-XXXXXX-21009 for charges she had previously made on the same (hereinafter "alleged debt").

6. Sometime thereafter, Plaintiff experienced financial difficulty and was unable to timely pay down the alleged debt, and defaulted on the same.

7. Amex thereafter, through Defendant, filed a law suit against Plaintiff to collect the alleged debt, entitled *American Express Centurion Bank vs. Amal Mulhem*, in The Circuit Court of Cook County, Illinois, Municipal Department, First District, under Case # 10 M1 107329. (Exhibit A, Complaint).

8. Soon thereafter, Plaintiff agreed to pay the alleged debt, and entered into a payment plan with Amex, by and through the actions of the Defendant, via the entry of an Agreed Judgment Order.

Said Order provides, in pertinent part, as follows:

> **2.    The Defendant agrees that installment payments shall be made as follows: $250.00 to be paid by March 15, 2010, and then $250.00 to be paid by the 15th of every month thereafter until the judgment amount is paid in full.**

( Exhibit B, Order)

9.    Per Defendant's request, Plaintiff agreed to have said monthly payments automatically deducted from her Bank of America checking account ("Account"). Upon information and belief based on the statements of an attorney that represented Amex, Defendant agreed to accept the amount of $3,000.00 as full settlement of the alleged debt, presumably in exchange for Plaintiff's agreement to have each monthly payment automatically withdrawn fom Plaintiff's Account.

10.    Amex, by and through the actions of the Defendant, did in fact cause 12 separate withdrawals of $250.00 each to be made from Plaintiff's Account, starting in March, 2010 and ending in February, 2011, for a total of $3,000.00.

11.    Plaintiff complied with all of the duties imposed on her by the Order, and by making monthly payments, made her final scheduled payment to Amex on February 16, 2011.

12.    Section 1692f of the FDCPA provides:

> **§1692f Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...**
>
> **(2)    The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to**

>**deposit such check or instrument not more than ten nor less than three business days prior to such deposit....**

13. Per the agreement between Defendant and Plaintiff, Plaintiff authorized Defendant to withdraw funds from her Account on the 15th of each month starting on March 15, 2010, until the alleged debt was paid in full; each said authorized withdrawal was postdated more than five days.

14. Each said authorized withdrawal made by Defendant from Plaintiff's Account is a "payment instrument" as that term is understood and defined in §1692f (2) of the FDCPA.

15. Defendant repeatedly caused automatic withdrawals to made from Plaintiff's Account, and accepted each withdrawal as partial payment toward the alleged debt, without giving Plaintiff at least three business days notice of its intent to make said withdrawal.

16. At no time during the period of time that funds were to be automatically debited from Plaintiff's account to pay the alleged debt, did Plaintiff fail to have funds available in her Account to allow for the automatic withdrawals.

17. Defendant sent Plaintiff a letter dated August 14, 2010 to notify Plaintiff of its intent to make a withdrawal from her Account, and thus deposit an instrument, on August 15, 2010. (Exhibit C, Letter from Defendant dated August 14, 2010).

18. Defendant sent Plaintiff a letter dated October 16, 2010 to notify Plaintiff of its intent to make a withdrawal from her Account, and thus deposit an instrument, on October 15, 2010. (Exhibit D, Letter from Defendant dated October 16, 2010).

19. Defendant sent Plaintiff a letter dated November 16, 2010 to notify Plaintiff of its intent to make a withdrawal from her Account, and thus deposit an

instrument, on November 15, 2010. (Exhibit E, Letter from Defendant dated November 16, 2010).

20. Defendant sent Plaintiff a letter dated January 15, 2011 to notify Plaintiff of its intent to make a withdrawal from her Account, and thus deposit an instrument, on January 15, 2011. Said letter misrepresents that the amount of the alleged debt is $892.55, when in fact the amount owed by Plaintiff was less than the amount stated. (Exhibit F, Letter from Defendant dated January 15, 2011).

21. Plaintiff did not receive, and upon information and belief Defendant did not send, Plaintiff a letter in February, 2011, that gave Plaintiff at least three days notice of its intent to make a withdrawal from her account.

22. Plaintiff did not receive any other letters from Defendant during the months referenced in paragraphs 17 through 20, supra.

23. Upon information and belief, Defendant did not send Plaintiff any other letters during the months referenced in paragraphs 17 through 20, supra.

24. Each time Defendant deposited an instrument without giving Plaintiff at least three business days notice of its intent to make said withdrawal, Defendant violated §1692f(2) of the FDCPA.

25. Upon information and belief, after Plaintiff had paid the alleged debt off, Defendant failed to timely notify Amex that Plaintiff had paid the alleged debt off on terms acceptable to Amex, and failed to notify Amex that she had complied with all of the duties imposed on her by the Order.

26. Upon information and belief, Defendant failed to communicate to Amex that Plaintiff had made any payments on the alleged debt, after she had already made payments on the alleged debt.

27. As a result of Defendant's failure to inform Amex that Plaintiff had paid the alleged debt, Amex hired a new debt collector to collect the alleged debt from the Plaintiff, for the amount of $3256.63. (Exhibit G, Letter from NCO to Plaintiff dated April 20, 2011.

28. As a result of Defendant's failure to timely file a satisfaction and release of the judgment entered on the alleged debt after Plaintiff had paid the alleged debt, the judgment and Amex tradeline corresponding to the alleged debt continued to be reported on Plaintiff's credit reports, and Plaintiff was denied credit on repeated occasions due to the existence of said judgment and tradeline that failed to reflect that Plaintiff had paid the alleged debt.

29. Defendant debited the final automatic deduction of $250.00 from Plaintiff's Account on February 16, 2011.

30. Plaintiff did not make any further payments to Amex, toward the alleged debt, after February 16, 2011, as Plaintiff had by that date paid Amex, via the deductions made by the Defendant, a total of $3000.00.

31. On September 6, 2011, Defendant, as attorneys for Amex, filed a Satisfaction and Release of Judgment ("Release") in the case of *American Express Centurion Bank vs. Amal Mulhem,* Case # 10 M1 107329 in the Circuit Court of Cook County, that states in relevant part as follows:

> **AMERICAN EXPRESS CENTURION BANK, the JUDGMENT CREDITOR, having received full satisfaction and payment, releases the Judgment entered against AMAL MULHEM on April 16, 2010 for $3,227.63 and costs.**

(Exhibit H, Satisfaction and Release of Judgment filed September 6, 2011)

32. Defendant did not file the Release until more than 6 months had passed from the time that Plaintiff had fully paid the alleged debt.

33. Plaintiff was denied credit on at least four separate applications for credit as the result of the existence of the unsatisfied judgment and Amex tradeline being reported for the alleged debt, both of which stated that Plaintiff owed more than $3,000.00 on the alleged debt---at a time that Plaintiff no longer owed any money on the alleged debt.

34. Each said application for credit was made after Plaintiff had satisfied all of her obligations on the alleged debt, at a time she no longer owed any money on the alleged debt.

35. Upon information and belief, the Amex tradeline and judgment being reported for the alleged debt continued to show that Plaintiff owed Amex over $3000.00, even after she had fully paid the alleged debt, because Defendant failed to inform Amex that the Plaintiff had fully paid her alleged debt to Amex.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

37. Plaintiff incorporates paragraphs 1-36.

38. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

a) Defendant violated 15 U.S.C § 1692 e when it deceptively failed to notify Amex of payments made by Plaintiff toward the alleged debt;

b) Defendant violated 15 U.S.C § 1692 e and e(10) when it deceptively and falsely misstated the amount of the alleged debt in its January 15, 2011 letter to Plaintiff;

c) Defendant violated 15 U.S.C § 1692 e and e (10) when it deceptively notified Plaintiff of its intent to make a withdrawal from her Account, and thus deposit an instrument, after said withdrawal was already made;

d) Defendant violated 15 U.S.C § 1692 e(2) when it falsely informed Amex that the alleged debt was not paid by Plaintiff after Plaintiff had made all payments scheduled on the alleged debt;

e) Defendant violated 15 U.S.C § 1692 e(2) when it misrepresented the amount of the alleged debt by sending its letter dated January 15, 2011 to the Plaintiff, which falsely stated that Plaintiff owed $892.55;

f) Defendant violated 15 U.S.C § 1692 e(2) when it failed and/or refused to file a release of judgment even at a time over six months after Plaintiff had paid the alleged debt in full;

g) Defendant violated 15 U.S.C § 1692 f when it unfairly failed and/or refused to file a release of judgment even at a time over six months after Plaintiff had paid the alleged debt in full;

h) Defendant violated 15 U.S.C § 1692 f(1) when it unfairly failed and/or refused to file a release of judgment even at a time over six months after Plaintiff had paid the alleged debt in full;

i) Defendant violated 15 U.S.C § 1692 f(1) when it unfairly failed and/or refused to file a release of judgment even at a time over six months after Plaintiff had paid the alleged debt in full;

j) Defendant violated 15 U.S.C § 1692 f(1) when it unfairly and falsely attempted to collect a debt from Plaintiff that was neither authorized by the agreement creating the debt, nor permitted by law, by sending its letter dated January 15, 2011 to the Plaintiff, which faslely stated that Plaintiff owed $892.55;

    k)      Defendant violated 15 U.S.C § 1692 f(2) when it repeatedly deposited payment instruments without giving Plaintiff at least three business days notice of its intent to make said withdrawal;

39.     As a direct and proximate result of one or more of the violations above, Plaintiff has suffered statutory and actual damages, including but not limited to emotional distress, financial damages, and damage to her credit profile.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

b. Actual damages suffered by the Plaintiff;

c. Plaintiff's attorney fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo
Attorney for Plaintiff
**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
20 North Clark Street, Suite 3100
Chicago, IL  60602
Tele. 312-726-6160
Fax.  312-698-5054

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, documents, and all other things that relate to Plaintiff, and to any other consumer treated as Plaintiffs were treated, and also to preserve all of Defendant's policies, practices and procedures that relate in any way to the allegations made in this Complaint. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo